UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| YALONDA NAYLOR,<br><br>   Plaintiff,<br><br>  v.<br><br>NORFOLK SOUTHER RAILWAY COMPANY,<br><br>   Defendant. | CAUSE NO. 1:22-CV-340 DRL-SLC |

OPINION AND ORDER

Yalonda Naylor, a train conductor, sued her employer, Norfolk Southern Railway Company (NSRC), seeking damages for a train collision that occurred in Ohio. After NSRC moved to dismiss her complaint under Rule 12(b)(2) for lack of personal jurisdiction, Ms. Naylor agreed that personal jurisdiction was improper in this district and posited that jurisdiction would be proper in the Southern District of Ohio. She asks the court to transfer the case there, and NSRC does not oppose the transfer.

When the court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. "Since the term 'interests of justice' is vague, district courts have a good deal of discretion in deciding whether to transfer a case." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *see, e.g., Rieke Corp. v. Am. Flange & Mfg. Co.*, 2007 U.S. Dist. LEXIS 43075, 32 (N.D. Ind. June 12, 2007) (transferring even without personal jurisdiction). "A court is authorized to consider the consequences of transfer before deciding whether to transfer." *Phillips*, 173 F.3d at 610 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988)). The court just should not transfer a case that is a "sure loser." *Id.* at 611.

No one says this case is a "sure loser," and the court's facial review of the complaint sounds no alarms, so the court turns to the subject of personal jurisdiction. In Indiana, personal jurisdiction

coextends with constitutional due process. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). "To comport with federal due process, a defendant must maintain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021) (quotations omitted). Two types of personal jurisdiction exist: general jurisdiction (sometimes called "all-purpose" jurisdiction) and specific jurisdiction (sometimes called "case-linked" jurisdiction). *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *Rogers v. City of Hobart*, 966 F.3d 812, 818 (7th Cir. 2021).

A court has general jurisdiction over a defendant if its contacts are "so constant and pervasive as to render it essentially at home in the forum State." *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015) (quotation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "[A] corporation is considered a citizen of its state of incorporation and the state where it has its principal place of business." *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974 (7th Cir. 1988). These paradigm bases for general jurisdiction are absent here, and NSRC's business activity within Indiana falls short of establishing that jurisdiction. *See BNSF Ry. v. Tyrell*, 137 S. Ct. 1549 (2017).

The court also lacks specific jurisdiction. To find specific jurisdiction, the court assesses "whether (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Bilek*, 8 F.4th at 590 (quotation omitted)*; see also Ford Motor Co.*, 141 S. Ct. at 1025 ("there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation") (quotations omitted). Ms. Naylor pleads no facts that link

2

the alleged injury to NSRC's activity in Indiana. All relevant NSRC conduct seemingly occurred in Ohio. Without an injury linked to NSRC's forum-related activities, the court lacks specific jurisdiction.

Having concluded that the court lacks personal jurisdiction, the court must consider whether the Southern District of Ohio has jurisdiction, as forecasted by the parties. Like Indiana, "Ohio's courts should be considered to have jurisdiction to the full extent permitted by federal due process standards." *Ricker v. Fraza/Forklifts of Detroit*, 828 N.E.2d 205, 210 (Ohio Ct. App. 2005). General jurisdiction seems not to exist in Ohio, as NSRC neither is incorporated nor has its principal place of business there. But certain facts suggest that specific jurisdiction exists there. Ms. Naylor alleges in her complaint that two NSRC trains collided near Fairfield, Ohio, causing her injury. That allegation links NSRC's conduct in Ohio to her injury. *Bilek*, 8 F.4th at 590. Without objection from NSRC, the court concludes that jurisdiction would be proper in the Southern District of Ohio.

The court finds that the interests of justice favor a transfer to the Southern District of Ohio.[1] Transferring the case in lieu of dismissing it protects against a time bar. *See* 45 U.S.C. § 56 (three-year statute of limitations for actions by railroad employees against their employers); *Rieke*, 2007 U.S. Dist. LEXIS at 31. This case sits at the mere pleading stage, and both parties agree to transfer the case to that district. Though NSRC alternatively says the court should grant the motion to dismiss without jurisdiction, 28 U.S.C. § 1631 expressly gives the court discretion to transfer instead. And this situation differs quite plainly from a case when the court lacks subject matter jurisdiction and thus the power to act, but instead involves only the transfer of a case (without order as to persons) to a district that can address orders not just to the case but to the persons involved.

CONCLUSION

Accordingly, the court DENIES NSRC's motion to dismiss and TRANSFERS this case to the Southern District of Ohio, Western Division.

---

[1] Fairfield, Ohio, the location of the injury, is in the Southern District of Ohio, Western Division.

SO ORDERED.

January 6, 2023                                                    *s/ Damon R. Leichty*
                                                                              Judge, United States District Court